This action was commenced by plaintiff to recover against the defendant for the cost of repairing a Ford truck that had been damaged in an accident. Plaintiff claims a lien and privilege under the provisions of Act No. 209 of 1926. After the trial, the District Judge rendered judgment in favor of plaintiff, recognizing the lien and privilege and maintaining the writ of provisional seizure. This judgment was rendered on December 6, 1945, and the decree was signed December 11, 1945. Defendant asked for and obtained an order for appeal but the appeal was not perfected, and as between plaintiff and defendant the case is not before us for decision.
On December 6, 1945, the same day the case was tried and judgment rendered, John L. Nelms filed a petition of intervention and third opposition which he amended by a supplemental petition filed January 11, 1946.
Intervenor alleges that on August 4, 1944, Mrs. Dick Wheat, then a resident of Grant Parish, was the owner of the Ford truck under seizure in this cause, and that on that date she executed a chattel mortgage in his favor for $700 payable in ten monthly installments of $70 each, due 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 months after date, with eight per cent per annum interest after maturity and ten per cent attorneys' fees if placed in the hands of an attorney for collection. He alleges that the first six of the installments were paid, leaving four installments due, amounting to $280. He annexes the note and a certified copy of the chattel mortgage showing its filing and recordation in the clerk's office of Grant Parish on August 5, 1944.
He alleges that at the time the mortgage was executed, mortgagor and mortgagee were residents of Grant Parish and the truck was located in said parish. That subsequent to the execution of the chattel mortgage, Margaret Crew became the owner of the truck. He claims his chattel mortgage primes the lien and privilege of plaintiff and that he is entitled to be paid the balance due on the note he holds by preference and priority over the claim of plaintiff.
Margaret Crew, through her attorney, accepted service of the petition of intervention and third opposition and answered, admitting all of the allegations made therein.
Plaintiff Sinclair filed an exception of no cause and no right of action which the District Judge sustained, thus dismissing the petition of intervenor at his costs.
From this judgment the intervenor is prosecuting this appeal.
Plaintiff in brief advances two reasons why the judgment appealed from should be affirmed.
1. That when the truck was provisionally seized in Rapides Parish, it was not affected by the chattel mortgage that was of record only in Grant Parish.
2. That there is no allegation in the petition of intervention that defendant, Margaret Crew, had assumed payment of the mortgage when she bought the truck from Mrs. Wheat, the mortgagor.
We shall consider these contentions in inverse order.
A certified copy of the chattel mortgage is annexed to the petition of intervention. The mortgage contains the "pact de non alienando." The sale of the truck by Mrs. Wheat to defendant did not have any effect on the validity of the mortgage. The mortgage might have been thereafter foreclosed in a proceeding against the original mortgagor, though the property be in the possession of her vendee. The District Judge did not pass upon this contention of plaintiff though plaintiff's counsel says in brief that it was presented in the District Court. We are of the opinion that this contention is not well founded, so we pass to the first and more serious contention.
The chattel mortgage here under consideration was executed August 4, 1944. Act No. 172 of 1944 went into effect July 29, 1944. Therefore the effect of the chattel *Page 333 
mortgage is to be determined according to the provisions of said act. This act has not, so far as we can find, been construed by any appellate court. The narrow question presented is whether the mortgagee in a chattel mortgage loses his rights under the mortgage when the mortgaged property is removed, with or without the consent of the mortgagee from the parish where the chattel mortgage is recorded to another parish where it is not recorded.
The District Judge concluded that the Act No. 172 of 1944 should be given the same construction in this respect as Act No. 198 of 1918 was given in the cases of Wilson v. Lowrie,156 La. 1062, 101 So. 549, and Gulf Finance and Securities Company v. Taylor, 160 La. 945, 107 So. 705, in which cases it was held that the mortgagee lost the privilege if the property be removed from the parish where the mortgage was recorded without recording a certified copy in the parish to which the property be removed, even though the removal was without the consent or knowledge of the mortgagee.
Section 5 of Act No. 198 of 1918 reads as follows:
"Be it further enacted, etc., that the mortgagor shall not move the property mortgaged from the parish where said mortgage is given without the written consent of the mortgagee designating the parish or parishes to which same may be taken, and to preserve such mortgage against third persons in such cases, it shall be the duty of the mortgagee to have a copy thereof recorded in the parish or parishes to which said removal is permitted. It shall be unlawful for a resident of any parish to purchase the movable property described in Section 1 from any non-resident of such parish, without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be liable to the creditor for the debt secured by the property."
From reading the above section of the Act of 1918, it is clear that the Legislature did not intend for the chattel mortgage to have any effect outside of the parish or parishes in which it was recorded. With the evident intention of correcting the abuses mortgagors made of these provisions the Legislature enacted Act No. 178 of 1936, amending Sections 2, 4, and 5 of the Act of 1918 so that these sections then read;
"Section 2. Every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of such property to be mortgaged, so that the same may be identified, and also stating definitely the time when the obligation shall mature. In order to affect third persons without notice, both within the Parish where recorded and outside of the Parish where recorded, but within the State of Louisiana, said instrument must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a Notary Public, and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the Parish where the Act of mortgage is executed, and also at the domicile of the mortgagor; provided, further, that the right to foreclose upon said mortgage by executory process shall not be permitted unless the mortgage be by authentic act.
"Section 4. Every such mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties in the State of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto.
"Section 5. The mortgagor shall not move the property mortgaged from the parish where said mortgage is given without the written consent of the mortgagee. It shall be unlawful for a resident of any parish to purchase the movable property described in Section 1 from any non-resident of such parish, without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase-price thereof; and the purchaser who shall buy *Page 334 
the above referred to movable property, without having obtained the said affidavit, shall be personally liable to the creditor for the debt secured by the property."
Under the provisions of these amendments, the Supreme Court held in Holley v. Owens, 199 La. 752, 7 So.2d 46, that recordation in the parish where the chattel mortgage is executed and in the parish where the mortgagor has his domicile is sufficient notice and preserves the mortgage in every other parish of the state. In General Motors Acceptance Corp. v. Nuss, 195 La. 209, 196 So. 323, plaintiff was allowed recovery on a mortgage executed in Missouri and not recorded anywhere in Louisiana. Act No. 178 of 1936 is cited in the opinion, but we understand the decree to be founded on comity between the states rather than upon Act No. 178 of 1936, which could hardly apply to that case. It was shown that the mortgaged automobile had been removed from the state of Missouri to Louisiana without the consent or knowledge of the mortgagee. All the chattel Mortgage laws of Louisiana up to that date, (April 29, 1940), are fully and ably discussed in the course of the opinion.
The Legislature, in 1944, by Act No. 172, enacted the chattel mortgage statute here under consideration, and repealed all then existing statutes on the subject. The pertinent provisions of this Act are Sections 3 and 4 as follows:
"Section 3. In order to affect third persons, every chattel mortgage must be by authentic act, or by private act, duly authenticated in any manner provided by law. A multiple original of every such act of mortgage shall be filed in the office of the Recorder of Mortgages of the parish where the mortgaged property is to be located according to the terms of the mortgage instrument and also in the office of the Recorder of Mortgages of the parish of the mortgagors' domicile, if the mortgagor is domiciled in the State. If the mortgagor is not domiciled in the State, filing in the office of the Recorder of Mortgages of the parish where the property is to be located according to the terms of the mortgage instrument, will be sufficient. Upon receipt of the instrument the Recorder of Mortgages shall note thereon the date, hour and minute of receiving it and shall record it in their respective offices. It shall further be the duty of the Recorder of Mortgages to immediately cause to be indorsed on the instrument his certificate of recordation. For these services each Recorder of Mortgages shall receive 50 cents.
"Section 4. Every such mortgage shall be effective as against third persons from the time of the filing in the proper offices, and the filing shall be notice to all parties of the existence of the mortgage, which shall be superior in rank to any privilege or preference arising subsequently thereto."
It will be noted that nowhere in the Act is there any provision making it necessary to record the chattel mortgage in any manner or in any other place than the recordation provided for in Section 3. Section 4 provides that the filing shall be notice to all parties of the existence of the mortgage and as we appreciate the provisions of the Act, the intention was to give the mortgage effect anywhere in the state. The District Judge mentions in his reasons for judgment the provisions of Act No. 178 of 1936, specifically setting forth in Section 2 that the mortgage shall affect third persons, both within the parish where recorded and outside the parish where recorded, and the provisions of Section 4 that the filing shall be notice to all parties in the State of the existence of such mortgage and he reached the conclusion that because the 1944 Act did not contain this language it was not intended that chattel mortgages should be effective in parishes where the chattel mortgage is not recorded.
We do not agree with this construction of the Act. It is our opinion that the provisions of Section 4, in which it is said, "and the filing shall be notice to all parties of the existence of the mortgage," is all inclusive, and that filing and recordation as provided in Section 3 of the Act gives the chattel mortgage effect in all the other parishes in the state. We are fortified further in reaching this conclusion by the fact that there is no requirement for recordation of a copy of the mortgage in *Page 335 
any other parish in case of removal, though a penalty is provided for removal without the consent of the mortgagee, provided the removal is with fraudulent intent to defeat the mortgage. Thus it is seen that the 1944 Act is different from Act No. 198 of 1918, in which requirement was made that the mortgage be recorded in any parish to which the property might be removed.
For these reasons the judgment appealed from is reversed; the exception of no cause and no right of action is overruled and this cause is remanded to the District Court for further proceedings consistent with law and the views herein expressed. Plaintiff appellee to pay the cost of this appeal. All other costs to await final determination of this cause. *Page 336 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 361