The principal question presented in this case is whether or not a chattel mortgage drawn and recorded in accordance with Act No. 172 of 1944 is effective against an innocent third purchaser of the mortgaged property in a parish of the State where the chattel mortgage is not recorded. In my opinion, a chattel mortgage does not affect such third persons without notice in a parish where the chattel mortgage is not recorded.
Under the chattel mortgage law as contained in Act No. 198 of 1918, the mortgage *Page 773 
did not affect innocent third persons who purchased the property in a parish where the mortgage was not recorded. Gulf Finance Securities Co. v. Taylor, 160 La. 945, 107 So. 705. This case interpreting the chattel mortgage law of 1918 was decided in 1926. The Legislature made no effort to change this law in this respect and as thus interpreted for more than ten years.
At the regular session of 1936, the Legislature passed Act No. 178, evidently for the principal purpose of providing that a chattel mortgage should have effect against third persons in any parish of the State if the mortgage was recorded in the parish of the mortgagor's domicile and in the parish where the mortgage was executed. The intention and purpose of Act No. 178 of 1936 to change the former act with reference to the effect of recordation is expressed in the amending Section 2, wherein it is provided that in order to affect third persons without notice, "both within the Parish where recorded and outside of the Parish where recorded, but within the State of Louisiana", the instrument must be drawn and recorded as provided in that section. And Section 4 was amended so as to provide that such a mortgage when so drawn and recorded should be a lien on the mortgaged property from the time it was filed for record, "which filing shall be notice to all parties in the State of the existence of such mortgage * * *."
Act No. 172 of 1944 is a complete rewriting of the chattel mortgage law, and specifically repeals all of the former acts relating to chattel mortgages. This 1944 act, in so far as the effect of recordation of the mortgage is concerned, is almost identical with Act No. 198 of 1918. Under the 1944 Act a multiple original of the chattel mortgage must be recorded in the parish where the property mortgaged is to be located and also in the parish of the mortgagor's domicile, if he is domiciled in the State. The 1936 act provided that if the mortgage was recorded as required by the act, it would affect third persons without notice, both within the parish where recorded and outside such parish (but within the State). It is significant that in the 1944 act no provision is made for this recordation to affect third persons in those parishes where the mortgage is not recorded. Moreover, the 1936 act provided that the filing of the mortgage as required by the act shall be notice to all parties in the State of the existence of the mortgage, but the act of 1944 omits the very important words "in the State". These omissions in the 1944 act must have been made for some purpose, and the only purpose I can see for omitting these words and clauses was to make the 1944 act similar to the 1918 act with respect to the effect of recording on third persons outside the parish where the act was required to be recorded. I therefore conclude that if the decisions of the Supreme Court under the 1918 act relative to the effect of recording on third parties are correct (and we must accept them as correct), then the conclusion in this case under the 1944 act must be that the recordation of the chattel mortgage in the Parish of Orleans did not have effect in the Parish of Terrebonne where the mortgaged property was purchased by the defendant Naquin for value and without any actual notice of the mortgage. Whether or not this defendant could be held personally liable for the claim of plaintiff because of his failure to require an affidavit from his vendor that there were no mortgages or liens on the property is not presented by the pleadings.
I am not unmindful of the fact that our brethern of the Second Circuit reached a different conclusion on this question in the case of Sinclair v. Crew, La. App., 26 So.2d 331, from that expressed above. However, it will be noted that the learned trial judge in that case reached the same conclusion as I have reached on this question, basing his conclusions on the same grounds as those given in this dissenting opinion.
For these reasons, I respectfully dissent from the majority opinion being handed down in this case. *Page 774