350 So.2d 967 (1977)
Glen YOUNG et al., Plaintiffs-Appellants,
v.
SQUEEZE TOOLS, INC., Defendant-Appellee,
Pacific Atlantic Oil Company, Intervenor-Appellant,
New Iberia National Bank, Intervenor-Appellee.
No. 13335.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Rehearing Denied October 31, 1977.
*968 Oliver & Wilson by William A. Hargiss, Monroe, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for intervenor-appellant.
Hudson, Potts & Bernstein by Donald L. Kneipp, Monroe, for intervenor-appellee.
Before BOLIN, HALL and MARVIN, JJ.
En Banc. Rehearing Denied October 31, 1977.
BOLIN, Judge.
This contest over the proceeds of a judicial sale involves laborers on defendant's portable drilling rig and the holder of a chattel mortgage on that rig. The mortgage was recorded before the labor commenced. The trial court ruled in favor of the mortgagee and we affirm.
The dispositive question on appeal involves the effectiveness of the chattel mortgage as to third parties, i. e., the laborers. In order to answer this question we must decide whether, under Louisiana Revised Statutes 9:5351 et seq., the instrument was filed in the proper parishes and sufficiently described the mortgaged property.
New Iberia National Bank loaned defendant, a domiciliary of Iberia Parish, $65,000 for the purchase of a portable drilling rig, securing its loan with a chattel mortgage which the bank recorded in Iberia Parish on December 13, 1974. The rig was later moved to Ouachita Parish where plaintiffs performed services on it between September 1975 and February 1976. Plaintiffs then filed suit for unpaid wages and obtained a writ of sequestration in accordance with La.R.S. 9:4861 et seq., pursuant to which the sheriff seized that portion of the drilling equipment which remained in Ouachita Parish.
The bank foreclosed on its mortgage by executory process in Iberia Parish and obtained a writ of seizure and sale. Acting under this writ the sheriff of Ouachita Parish again seized the equipment. The bank intervened in the laborers' lawsuit and entered into a joint stipulation with plaintiffs to have the property sold under the bank's writ and to have the district court in Ouachita Parish determine entitlement to the proceeds.
Pacific Atlantic Oil Company, which had contracted with defendant to drill the Ouachita Parish well, intervened in this lawsuit to protect its interest. It did not take part in the joint motion to sell the property, but did participate in the rule to rank liens and now joins plaintiffs in appealing the trial court's judgment awarding the $8,886.85 net proceeds of sale to the bank.
The bank, contending the oil company has no security interest and, therefore, no standing to contest the ranking of liens, has filed an exception of no right of action in this court. We need not rule on this exception in view of our decision to affirm the trial court.
Plaintiffs maintain the bank's chattel mortgage is ineffective as to them because it was not filed of record in Ouachita Parish until April 15, 1976, long after their laborers' privilege became effective. The mortgage instrument indicates the drilling rig was to be located in Iberia Parish "when not in use." We hold the expression "when not in use" merely evidences the mortgagee's recognition that a portable drilling rig is movable and its location at any given time could not be anticipated. The record shows that Iberia Parish was the base location of this revenue-producing equipment. We hold the bank complied with the requirements of the Chattel Mortgage Act by recording the mortgage instrument in Iberia Parish, which is both the parish of the mortgagor's domicile and the parish where the mortgaged property was to be located according to the terms of the mortgage instrument. La.R.S. 9:5353.
*969 Recordation in Iberia Parish makes this chattel mortgage effective statewide, whether or not the bank knew of the rig's presence in Ouachita Parish. See Sinclair v. Crew, 26 So.2d 331 (La.App. 2d Cir., 1946).
Although the chattel mortgage instrument did not include serial numbers in the description of the drilling equipment, the trial court found the instrument contained a full description of the mortgaged property as required by La.R.S. 9:5352. What constitutes sufficiency of description is a matter to be determined in the light of the circumstances of each individual case. All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir., 1965). Since defendant owned only one drilling rig, we cannot say the trial court erred in its ruling.
The judgment is affirmed at appellants' cost.