WATSON, Judge.
This is an appeal from a judgment by the trial court which held that the intervenor’s chattel mortgage primes the judicial mortgage held by plaintiff. J. P. Messina Contractors, Inc., plaintiff and appellant, obtained a judgment on open account against the defendant, Cortez Construction Corporation, in the amount of $43,194.10 on April 5, 1977. When Messina had a writ of fi. fa. issued and seized certain construction equipment, including trucks, graders, welding machines and the like, all belonging to Cortez and located at Cortez’s headquarters in St. Landry Parish, the American Bank intervened, asserting that it holds a chattel mortgage on the equipment seized, that the mortgage secures a promissory note, that Cortez is still indebted on the note in the amount of $294,636.53, and that the bank’s privilege is superior to the rights of Messi-na. The American Bank prayed that the bank’s privilege be recognized as superior to the judgment of Messina; and that the bank be paid by preference and priority out of the sale of the property.[1]
Messina filed exceptions of no cause and no right of action and also answered raising certain objections to American Bank’s petition of intervention.
Following trial of the exceptions and the merits, the trial court overruled the exceptions and entered a judgment in favor of American Bank, upholding the chattel mortgage and recognizing it as to various items of equipment, particularly those described in the chattel mortgage by serial number; and the judgment recognized that the mortgage held by American Bank was superior to the judicial mortgage of the seizing creditor, Messina.
*801 By an amended judgment, the trial court recognized that the other items seized by Messina were subject to the superior lien of Messina.
Messina has now appealed contending that there are certain defects in the proceedings and invalidations in the note and mortgage held by American Bank and that the trial court erred in recognizing American Bank’s mortgage as being superior to Messina’s on the serial number items. American Bank has answered the appeal contending that the trial court erred in recognizing Messina’s mortgage as being superior to American Bank’s on the remaining property seized. We note, at this juncture, that the bank’s answer is entirely without merit, the trial court having found that the items in question were not sufficiently identified as required by LSA-R.S. 9:5352. “What constitutes sufficiency of description is a matter to be determined in light of the circumstances of each individual case.” Young v. Squeeze Tools, Inc., 350 So.2d 967 (La.App. 2 Cir. 1977). We will not further address the answer to the appeal.
The primary issue for review is whether the trial court erred in upholding the validity of American Bank’s chattel mortgage and in holding that it primed Messina’s judicial mortgage as to certain pieces of equipment. Subsidiary issues concern arguments by counsel for Messina to the effect that either the proceedings or the note and mortgage are invalid.

DISCREPANCIES BETWEEN NOTE AND MORTGAGE

First Messina argues that there are certain discrepancies between the note and the mortgage and because of these, there was not proper notice to third parties of the mortgage. Recordation of the mortgage is notice to third parties and gives it superior rank to subsequent privileges. LSA-R.S. 9:5354. The mortgage instrument in question by its terms constitutes a chattel mortgage on the pieces of equipment which were properly identified therein. As to notice, third parties have no real concern with the note and for this reason there is serious question as to whether Messina has any standing to complain of the discrepancies. Be that as it may, we find, as did the trial court that the various discrepancies do not invalidate the mortgage.
The variation between the note providing payment in six months and the mortgage providing for payment on demand would not be a concern of Messina’s and in any event, since more than six months had elapsed, this discrepancy has become moot.
The fact that the instrument was entitled “collateral mortgage” has no effect when, by its terms, the instrument constitutes a chattel mortgage.
Messina complains also of the addition of the words “bearer or” to the note making it payable to the order of “bearer or American Bank & Trust Company” while the mortgage provided that the note was payable to the order of “bearer”. This addition to the note by the bank is of no consequence since the result of making the instrument payable to bearer could have been accomplished by simply endorsing the note in blank. In other words, the bank did something that it could have properly and lawfully done by endorsement. LSA-R.S. 10:3-204.
The variation of attorney’s fees between 25% in the note and 15% in the mortgage, likewise does not invalidate the mortgage but as held by the trial court, simply limits the mortgage holder to the lesser amount if attorney’s fees are collected.

AUTHENTIC ACT

Next, Messina attempts to attack the authentic nature of the act of mortgage by cross-examination of the Notary, Novella Taylor. The error specified is that the chattel mortgage, purporting to be in authentic form, was not signed in the presence of the Notary and two witnesses. Messina has completely failed to prove this contention. A review of Ms. Taylor’s testimony reflects that Messina did not establish any *802 irregularities in the execution of the chattel mortgage. While the witness admitted freely that she could not remember all of the details of every instrument that she notarizes, her recollection was that all due formalities were observed in confecting this act. (TB. 8, 9). The law of Louisiana has always assigned a special dignity to the authentic act. See Templet v. Babbitt, 198 La. 810, 5 So.2d 13 (1941). On its face, the American Bank mortgage was executed as an authentic act and has not been proved to be otherwise. It is, therefore, presumed valid.

THE BACKHOE

Another contention is that the trial court incorrectly recognized the chattel mortgage as to a 1968 Case Backhoe. The backhoe is identified in the mortgage as “1 Case 580 TLB 1968 Serial # 8351856.” According to a witness presented by Messina, Kenneth F. Cason, the “TLB” letters are incorrect and should be “CK”, the latter not being part of the serial number but a letter designation for a backhoe. Although Cason testified that TLB is an incorrect designation for a backhoe, he could nevertheless identify the backhoe in question because of the serial number. The trial court correctly concluded that the serial number identified the item mortgaged and that the mortgage should be recognized as to the backhoe. Young v. Squeeze Tools, Inc., supra.
Since we find no merit to the various specifications of error assigned by Messina, we conclude that the trial court correctly recognized American Bank’s chattel mortgage and found it to be superior to Messi-na’s judicial mortgage as to the various pieces of equipment properly identified by serial number in the mortgage instrument. Therefore, the judgment is affirmed.
Costs of appeal are taxed against Messi-na.
AFFIRMED.

. The prayer for payment was not granted by the trial court and is not urged on appeal.