SEXTON, Judge.
Louisiana Bank and Trust Company, in-tervenor herein, appeals the judgment of the District Court rejecting its demands to have its mortgage on a certain mobile home recognized as superior to that of a seizing judgment creditor. We reverse.
These proceedings began with the suit by the First State Bank, a Louisiana corporation, on May 15, 1981 against Charles M. Wilson, Charles Wilson, Sr. and Lloyd D. Wilson. A default judgment was rendered thereafter against Charles M. and Charles Wilson, Sr. only, on July 22, 1981 in the amount of $8,413.88, together with interest, attorney’s fees and costs. A fifa was issued on October 7, 1981 and was executed on October 20, resulting in the seizure of a mobile home belonging to Charles M. Wilson and his wife. The sale of this mobile home was set for, and occurred on, November 18, 1981.
Prior to the sale, on November 4, 1981, Louisiana Bank and Trust Company filed a petition of intervention alleging that Louisiana Bank was the holder of a bearer note signed by Charles M. Wilson and his wife in the amount of $15,000 and asserting the existence of a valid chattel mortgage on the mobile home previously seized by First State Bank. The petition prayed to have the bank’s chattel mortgage “recognized as prior in rank to [First State Bank’s] mortgage” and also for judgment in favor of Louisiana Bank decreeing that the proceeds of the judicial sale of the mobile home be paid to the intervenor bank.
The intervention was tried on February 23, 1982, and submitted on that date. No preliminary default or confirmation thereof had been sought against Charles M. Wilson or his wife. On May 7, 1982, the demands of the intervenor were rejected and judgment was signed, accordingly, on August 2, 1982. This appeal by Louisiana Bank ensued.
The record does not contain reasons for judgment, either oral or written, but the trial judge, in taking the case under advisement, expressed concern that neither a preliminary default nor motion for confirmation of default had been sought against the Wilsons prior to the trial of the intervention.
The record shows that the collateral note in the amount of $15,000 to Louisiana Bank and the accompanying mortgage, together with an accompanying pledge of the collateral note, were all executed on July 17, 1980. Three hand notes were subsequently secured by this pledge. They were introduced as LBT Exhibits 1 through 3, and are in the amounts of $4,979.10, $3,867.36, and $1,530.66, respectively. LBT Exhibits 1 and 2 are dated July 17,1980 and LBT Exhibit 3 is dated November 16,1981. All three hand notes, as well as the collateral note and mortgage, called for interest at eight percent and attorney’s fees in the amount of twenty-five percent. Additionally, each of the three hand notes contains language identifying it with a separate agreement of pledge.
Initially, we note that the fact that the hand note identified as LBT Exhibit 3 is dated November 16,1981, subsequent to the issuance of the fifa, is of no moment. The debt which that note evidences ranks from the date of the initial issuance of the collateral note to Louisiana Bank rather than the date of the hand note. LSA-C.C. Art. 3158. New Orleans Silversmiths, Inc. v. Toups, 261 So.2d 252, (La.App. 4th Cir.1972), writs den. 263 So.2d 47 (La.1972). See also, Nathan and Marshall, Collateral Mortgage, 33 La.L.Rev. 497 (1973).
*970 Mr. Patrick W. Shaw, vice-president and branch manager of the South Shreveport Branch of Louisiana Bank, testified that Mr. Wilson was his loan customer and that all of the documents at issue were executed before him. He further testified that, as of the date of the trial, the outstanding indebtedness on the three hand notes was $6,202.21, together with eight percent interest and twenty-five percent attorney’s fees. His testimony was uncontradicted, and Mr. Wilson himself acknowledged his indebtedness to Louisiana Bank at the trial. His testimony was in no way contradictory to that of Mr. Shaw.
Thus, the bank proved that it had a valid collateral note and mortgage, with the note being properly pledged to secure any indebtedness of Charles Wilson up to $15,-000.00. The bank also proved that it was the holder of hand notes secured by the pledge with an outstanding indebtedness of $6,202.21, together with interest and attorney’s fees.
Furthermore, the record shows that the mortgage was properly recorded in accordance with LSA-R.S. 32:710 so as to affect third persons. Thus, the chattel mortgage of Louisiana Bank is superior in rank to the subsequent fifa obtained by First Bank to the extent of Mr. Wilson’s indebtedness to Louisiana Bank. LSA-R.S. 9:5354; LSA-C.C.P. 2292; J.P. Messina Contractors v. Cortez Const, 372 So.2d 799 (La.App. 3d Cir.1979).
The fact that there was no default nor any motion to confirm the default does not affect the validity of appellant’s position here. As we have noted, Louisiana Bank’s privilege is superior to that of First State Bank. Louisiana Bank has the right to intervene, but is not obligated to do so as “a third person asserting ownership of, or a mortgage privilege on, property seized may assert his claim by intervention.” (emphasis ours) LSA-C.C.P. Art. 1092. Louisiana Bank’s privilege follows the property into the hands of third persons. LSA-R.S. 9:5354. Furthermore, the sheriff may only sell this property subject to Louisiana Bank’s superior claim. LSA-C.C.P. Art. 2335.
Therefore, it is clear that appellant is entitled to the proceeds of the sale of this chattel subject to the extent of the debt. The record reflects that the proceeds of the sale held for the court after deduction of the costs thereof, were $7,592.84. When interest and attorney’s fees are applied to the $6,202.21 which was owed on the three hand notes at the time of the trial of the intervention, it is apparent that the debt to Louisiana Bank exceeds the proceeds from the sale. Therefore, Louisiana Bank is entitled to judgment as prayed for in the intervention.
DECREE
There will therefore be judgment herein in favor of intervenor, Louisiana Bank and Trust Company, and against First State Bank, recognizing intervenor’s chattel mortgage on that 1976 50' X 12' Tri-Star mobile home, serial no. 0177, located at Lot 5418, Lot 12, Shreveport, Louisiana, to be superior in rank to that privilege asserted by First. State Bank; and there will be further judgment herein ordering Don Hathaway, Sheriff of Caddo Parish, to pay the proceeds of the Sheriff’s sale of November 18, 1981, of the aforesaid mobile home to intervenor, Louisiana Bank and Trust Company, in partial satisfaction of the indebtedness of Charles M. and Wanda M. Wilson as evidenced by the three hand notes herein, LBT Exhibits 1 through 3.
All costs of these proceedings are assessed against First State Bank.
REVERSED AND RENDERED.