GAUDIN, Judge.
Does a chattel mortgage recorded in the debtor’s home parish prime a subsequent seizure under writ of fieri facias of the assigned chattels in another judicial district?
A trial judge in the 24th Judicial District Court held that it did. We affirm.
This security rights case has unique facts. In December of 1987, Midwest Chandelier Company obtained and recorded a judgment against Northshore Lighting & Electrical Company, Inc. in St. Tammany Parish (22nd Judicial District). Northshore is a Louisiana corporation domiciled in New Orleans and doing business in St. Tammany and other parishes. In April, 1988, Northshore granted a mortgage to C.T. Carden which included the proceeds of chattels and an assignment of accounts receivable. The Carden mortgage was promptly recorded in St. Tammany and Orleans parishes.
Two months later, in June, 1988, Midwest attempted to enforce its St. Tammany judgment in Jefferson. Suit was filed to make the judgment executory and a third party, Milliken & Michaels Collection Agency, was made garnishee. Milliken admitted, in its answers to interrogatories, that indeed it did hold $1,010.00, the proceeds of a debt collection, belonging to Northshore. Car-den then filed an intervention in Midwest’s 24th Judicial District proceeding, claiming a superior right because of its recorded April, 1988 mortgage. The district judge ruled in Carden’s favor and Midwest appealed.
Midwest’s only security interest is that arising out of its physical seizure of North-shore assets held by Milliken. LSA-C.C.P. art. 2292 states:
“The seizing creditor ... acquires a privilege ... which entitles him to a preference over ordinary creditors.”
Carden’s chattel mortgage was recorded in Orleans in accord with LSA-R.S. 9:5353(D), which reads:
“The notice of security interest shall be filed in the chattel mortgage records of the parish in which the chattel mortgagor’s place of business is located.”
Louisiana law does not require chattel mortgages to be filed in every parish, only in the mortgagor’s home parish. The effectiveness of such a duly registered mortgage is from the date of recordation. In pertinent part, LSA-R.S. 9:5354 says:
“... every such mortgage or security interest shall be effective against third persons from the time of filing in the proper offices, and the filing shall be notice to all parties of the existence of the mortgage or security interest, which shall be superior in rank to any privilege or preference arising subsequently thereto.”
We therefore hold, as did the trial judge, that a valid and properly recorded chattel mortgage is higher in rank to a later seizure by a judgment creditor.
See First State Bank v. Wilson, 437 So.2d 968 (La.App. 2 Cir.1983), wherein the Second District, in a case strikingly similar to the one now before us, found a prior recorded chattel mortgage superior to a judgment debtor’s writ of fieri facias.
We affirm the district court judgment in Carden’s favor with Midwest to bear costs of this appeal.
AFFIRMED.