EASTERN DIST.
*February*, 1835.

FEATHERSTONE
*vs.*
ROBINSON.

7L 596|
46 1426

### FEATHERSTONE *vs.* ROBINSON.[*]

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. TAMMANY.

Where the plaintiff sues as heir of his wife, and his capacity to sue not being denied by the pleadings, he was not required to prove his wife's death.

Civil Code of 1808, required all the formalities in a will to be complied with, before turning aside to other acts, but did not require mention of these in the will.

Irregularity and impropriety in the form of action is waived by pleading to the merits, and proceeding to trial without making the objection.

Judgment will be reversed, where interest is allowed on an unliquidated claim.

The plaintiff sues to recover his late wife's inheritance from the defendant, as executrix of her deceased mother. He alleges that Maria Badon died in 1820, leaving nine children as her heirs; that he intermarried with one of said heirs, who also died in 1825 without descendants, and leaving a will in which she made her husband, the present plaintiff, her universal heir and legatee; that previous to the death of his wife, another of the heirs of her mother died, and before partition, leaving her estate to be divided into eight portions or parts; that said Maria Badon left property, estimated in the inventory of her succession, at eight thousand and seventy-six dollars, to which he, as legatee of his wife, was entitled to one-eighth part. He prays that the executrix be required to render an account, and that the money and property be divided among the heirs, and his portion in right of his wife, be paid over to him.

---

[*] This case was decided at February term, 1827, and suspended by an application for a re-hearing until this term. The re-hearing was refused.

The plaintiff annexed a copy of the will made by his late wife, before C. Pollock, notary public, to his petition.

The executrix addressed a letter to the judge of probates, praying further time in which to render her account, and shortly afterwards presented three accounts, one of the estate of her testatrix, and one against each of the deceased heirs, including the late wife of the plaintiff.

The probate judge, after adjusting the accounts, rendered judgment in favor of the plaintiff, for one thousand one hundred and fourteen dollars and eighty-four cents, as the portion of his deceased wife of the funds on hand, and reserved his share in a tract of land remaining to be divided, until partition was made. The executrix appealed.

*Preston,* for the plaintiff.

1. The will under which the plaintiff claims, is made in due form of law, before a notary public.

2. It could not have been recorded in the office of the register of wills, or ordered to be executed here, as Mrs. Featherstone's succession was opened in the parish of St. Tammany. Had the probate of the will and Mrs. Featherstone's death been denied, they would have been proved.

3. The sum for which judgment was rendered, shows it to be one-eighth part of the proceeds of Mrs. Badon's succession then on hand, to which the plaintiff was entitled as heir of his wife.

4. The claim set up by the executrix, in her account against the succession, and against Mrs. Featherstone, are unsupported by vouchers, and cannot be allowed.

5. The parish judge being perfectly acquainted with the succession, settled and adjusted the accounts from his own personal knowledge of them, and from what appeared on the record.

6. The executrix has charged Mrs. Featherstone with five hundred dollars, advanced to her by her father, in his life-time. This has nothing to do with her mother's estate, and is wholly inadmissible.

EASTERN DIST.    *Hennen and Denis,* for the defendant, assigned errors
*February,* 1835. apparent on the face of the proceedings in the Probate
FEATHERSTONE    Court, on which they rely for the reversal of its judgment.
*vs.*     They are stated in the opinion of the court.
ROBINSON.

2.. The defendant's counsel further contend, that when the executrix obeyed the order of court, and filed her account, that the plaintiff (if he had any) should have filed his written objections and opposition to each item in the account, to which he might object, that it be established or rejected, as justice and the law requires.     *Code of Practice,* 1004.

3. The objections must be made in three days, and not having been done, the account must be taken as correct. Executors, &c., are sworn officers of the law and the court, and their accounts are *prima fac'e* evidence of their correctness.     The judgment in this case is therefore erroneous, and should be reversed, and the executrix's accounts allowed.

*Martin J.,* delivered the opinion of the court.

In this case the plaintiff sues as heir of his late wife, to recover from the defendant, as the executrix of his wife's mother, the portion which his wife inherited from her mother.     The plaintiff obtained judgment in the Court of Probates, from which the defendant appealed.

The appellant in this court, relies upon the following assignment of errors :

1. There is no evidence of the death of the plaintiff's wife.

2. The document annexed to the petition, is illegal evidence of her will, being the copy of a copy.     The will does not appear to have been presented to the Court of Probates, nor its execution ordered ; and because the document appears to be in fact no will, as it contains no mention that the legal formalities were complied with, without interruption or turning aside to other acts.

3. The suit is wrongfully brought for an account of the estate, instead of the plaintiff claiming to be recognised as heir of his wife.

4. The defendant had nothing to do but to file her account, and the plaintiff ought to have filed written objections to any exceptionable item found therein.

5. The Probate Court erred in refusing to allow the funeral expenses, and in allowing interest.

I. The plaintiff in this case sued as heir of his late wife, and his capacity not being denied by the pleadings, there was therefore, no necessity to prove the death of his wife, without which he could not be her heir. *Nemo est hares viventes.*

II. It appears from the record, that no opposition was made in the Probate Court, to the admissibility of the document annexed to the petition, in evidence, which is now objected to in this court.

The former Code required indeed, that all the formalities in a will should be complied with, without any interruption, and without turning aside to any other acts; but it did not require, that mention of this circumstance be made in the will. *Civil Code, art. 92, p. 228.*

III. In relation to the manner of bringing the suit, any impropriety or irregularity in the form of the action was waived, by pleading to the merits, and proceeding to trial without making the objection.

IV, V. The plaintiff charged the defendant, as executrix of his late wife's mother, claiming the portion she inherited from her said mother.

The defendant filed an account, and the court gave judgment for the balance, after striking off such items as were unsupported by proof. Interest was however, in our opinion, improperly allowed. The sum claimed was not liquidated, until ascertained by the judgment of the court. In this respect only, the judgment of the Probate Court is erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and the plaintiff recover from the defendant the sum of nine hundred and thirty-four dollars and sixty-two cents, with costs in the Court of Probates; and that the costs of the appeal be borne by the appellee.

Where the plaintiff sues as heir of his wife, and his capacity to sue not being denied by the pleadings, he was not required to prove his wife's death. The Civil Code of 1808, required all the formalities in a will to be complied with, before turning aside to other acts, but did not require mention of these in the will.

Irregularity and impropriety in the form of action is waived, by pleading to the merits, and proceeding to trial without making the objection.

Judgment will be reversed, where interest is allowed on an unliquidated claim.