FRUGÉ, Judge.
Under our supervisory jurisdiction we granted writs of certiorari, prohibition, and mandamus in order to review the judgment of the lower court denying the defendant-relator’s application, inter alia, for an injunction to arrest the order of seizure and sale of his property under executory process. The order of seizure and sale was issued at the instance of the plaintiffs, the holders of a promissory note in the original amount of $2,424, secured by chattel mortgage on an automobile sold to the defendant. The note was made payable to the order of Bienvenu Motor Company. The endorsement on the back of the note is “For value received, pay to Allied Finance Company, Without Recourse, signed Bienvenu Motor Company by Lee J. Bienvenu.” Thus, it is •contended by relator (in his opposition to the order of seizure and sale and in his exceptions of no cause or right of action) that the order of seizure and sale, inter alia, was issued without sufficient evidence to justify executory process, because there was no authentic evidence furnished as to the transfer of the note by Bienvenu Motor Company to Allied Finance Company, plaintiff-respondent.
In the very recent case of Li Rocchi v. Keen, La.App., 127 So.2d 44, 45, with appropriate citation of authority, it was stated that “ * * * in order to justify the order of seizure and sale under executory process every muniment of title and every link of evidence must be in the authentic form * * Therefore, since there was no authentic evidence of the transfer and endorsement of the mortgage note to the plaintiff (the muniment of title on which plaintiff relies), the order of seizure and sale authorizing executory process was improvidently issued and the injunction arresting said order of seizure and sale should have been granted.
For the foregoing reasons it is ordered, adjudged, and decreed that an injunction issue herein arresting the order and seizure and sale; and that the said order of seizure and sale be dissolved, without prejudice to the rights of either party. Costs in both courts to be paid by Allied Finance Company.
On Application for Rehearing.
En Banc. Rehearing Denied.