McBRIDE, Judge.
This is an executory process suit. After the satisfaction of plaintiff’s mortgage and the payment of a paving and sewerage lien and all costs, $1624.44 remained in the hands of the Sheriff out of the proceeds of the execution sale, which he deposited in the Registry of the court. Lakeside Acceptance Corporation, the holder of a junior mortgage for $2640.24 against the property foreclosed upon, brought a rule against the Clerk of Court and the defendant-mortgagors claiming the right to have the funds on deposit in the Registry of the court applied pro tanto to the satisfaction of its mortgage claim. The rule alleges that all prior liens, mortgages and privileges which primed mover’s mortgage have been paid or satisfied. The Clerk of Court and defendant-mortgagors were ordered to show cause on a date fixed by the trial court why mover is not entitled to the relief sought. When called for trial, the rule was dismissed by the judge on his own motion on the ground that the proceeding was improper as mover was relegated to asserting his claim by intervention as provided in C.C.P. arts. 1092 (as amended) and 2643 (as amended). The first of said articles provides that a third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. The second of the mentioned articles provides that a third person claiming a mortgage or privilege on the property seized in an executory proceeding may assert his right to share in the distribution of the proceeds of the sale by intervention. The articles do not make it mandatory for a claimant, situated as is mover, to proceed by intervention. The word “may” is permissive. C.C.P. art. 5053.
We know of no law which would prohibit mover from proceeding by rule. On the contrary, it seems that such procedure is authorized and countenanced by the Code of Civil Procedure. Art. 2592 (as amended) provides in part:
“Summary proceedings may be used for the trial or disposition of the following matters only:
“(1) An incidental question arising in the course of litigation;
=¡= * * * * *
“(7) The determination of the rank of mortgages and privileges on property sold judicially, and of the order of distribution of the proceeds thereof; and
“(8) All other matters in which the law permits summary proceedings to be used. * * * ”
Article 2593 in part provides:
“A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
“Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. 5{t ‡ J|C
 The defendants in rule, who were duly cited, filed no opposition to the form of the proceeding. Therefore, they waived whatever right they may have had to object, and the judge should not have interposed any objection. An impropriety or *817 irregularity in the form of the action is waived by proceeding to trial without making objection. Gast v. Gast, 197 La. 1043, 3 So.2d 173; Featherstone v. Robinson, 7 La. 596.
The judgment appealed from is reversed, and the matter is remanded to the district court for all further proceedings according to law. Appellant is to defray the costs of the appeal.
Reversed and remanded.