234 So.2d 517 (1970)
FORD MOTOR CREDIT COMPANY, Plaintiff and Defendant in Reconvention-Appellee,
v.
E. H. HERRON, Defendant and Plaintiff in Reconvention-Appellant,
MOROCK FORD, INC., Third-Party Defendant-Appellee.
No. 3023.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1970.
*518 Pharis & Pharis, by F. Jean Pharis, Alexandria, for defendant-appellant.
Polk & Foote, by Edward G. Randolph, Alexandria, for plaintiff-appellee.
Provosty, Sadler & Scott, by LeDoux R. Provosty, Jr., Alexandria, for third-party defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
Ford Motor Credit Company, after seizure and sale of a motor vehicle pursuant to executory process, filed suit for a deficiency judgment against E. H. Herron. Defendant Herron answered and filed a reconventional demand for damages for the alleged wrongful seizure of the automobile. Herron also instituted a third party demand against Morock Ford, Inc., the retail seller of the automobile, for penalties and attorneys fees because of the third party defendant's failure to obtain a license under The Motor Vehicle Sales Finance Act (LSA R.S. 6:951-964).
An exception of no cause of action was filed by Ford Motor Credit Company to the reconventional demand, and an exception of no cause of action was filed by Morock Ford, Inc., to the third party demand filed against it by Herron. Judgment was rendered by the trial court maintaining both of these exceptions, dismissing the reconventional demand against Ford Motor Credit Company, and dismissing the third party action against Morock Ford, Inc. Herron has appealed.
The appellant does not contend here that the sale of the automobile should be set aside. The sole issues presented are whether the reconventional demand of Herron against Ford Motor Credit Company for damages states a cause of action, and whether the third party demand of Herron against Morock Ford, Inc., for penalties and attorneys fees states a cause of action.
Defendant Herron purchased an automobile from Morock Ford on October 23, 1965. On that date, and as evidence of his indebtedness for the purchase price of the automobile, Herron executed a promissory note payable to Morock Ford, Inc., for $2,984.76, payable in 36 monthly installments. The note was secured by an act of chattel mortgage covering the automobile, and no question is raised here as to the form of the note or mortgage. The note was endorsed in blank by Morock Ford, Inc.
On March 14, 1969, Ford Motor Credit Company instituted suit against Herron, alleging that it was the holder of the promissory note and praying that the automobile be seized and sold under executory process to satisfy the remaining balance of $819.93 due on the note, plus attorneys fees. In that petition plaintiff alleged that Herron "has failed and neglected to pay the installment of the above described note which was due on February 5, 1969, * * * thereby maturing the entire unpaid balance of said note." The petition was signed by plaintiff's counsel, but it was not verified by the affidavit or plaintiff. *519 No supplemental petitions were filed, and no affidavits were submitted tending to show that Herron had failed to make a payment which had become due on the note.
Pursuant to the prayer contained in that petition, an order was issued directing the seizure and sale of the automobile by executory process, and in due course the vehicle was seized and was sold.
Herron contends that plaintiff had no legal right to use executory process unless it submitted with its petition evidence showing that there had been a breach of the act of mortgage which matured the entire obligation. He argues that plaintiff was required to submit proof, by verified petition or by affidavit, that such a breach had occurred, that is that Herron had failed to pay an installment on the note, and that its failure to submit that proof with the petition renders the subsequent seizure and sale of the automobile an absolute nullity.
The trial judge held that in a proceeding by executory process, where it is alleged that the entire mortgage indebtedness has matured because of the debtor's failure to pay an installment on the note, it is not necessary to submit proof with the petition that the defendant failed to make such a payment. He concluded that the failure of the plaintiff to submit proof of the alleged breach of a condition of the mortgage did not render the seizure and sale of the automobile null, and that Herron's reconventional demand does not state a cause of action for damages for the alleged wrongful seizure and sale.
There is no requirement in the Louisiana Code of Civil Procedure that all petitions seeking executory process be verified. The general procedural rule is set out in Article 863, which provides that "pleadings need not be verified, or accompanied by affidavit or certificate, except as otherwise provides by law." (See also LSA-C.C.P. Articles 891 and 2634). Article 2635, relating specifically to executory proceedings, provides that the plaintiff in an action by executory process shall submit with his petition "the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege." Article 2637 provides that evidence "of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation" need not be submitted in authentic form, but that it "may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith."
Herron's position is that under the provisions of LSA-C.C.P. Arts. 2635 and 2637, plaintiff was required to submit with its petition for executory process proof, by verified petition or by affidavit, that Herron had breached a condition of the mortgage by failing to pay an installment on the note. He contends that the failure of plaintiff to submit that proof with its petition renders the seizure and sale of the automobile an absolute nullity.
We feel that there is no necessity for the plaintiff in a proceeding by executory process to offer proof of the failure of the mortgagor to pay the mortgage indebtedness in accordance with the provisions of the act of mortgage or the note which it secures. The promissory note, and the authentic evidence of the mortgage, constitute prima facie proof of the mortgage indebtedness. If the plaintiff admits that some of the indebtedness has been paid and that only a portion of it remains due, as was admitted in the instant suit, then that constitutes a judicial confession which reduces the amount of the indebtedness pro tanto. A presumption remains, however, that no payments have been made on the indebtedness other than those which are judicially confessed or those which are shown in the pleadings or by evidence in the record, and that the balance of the debt is still due and owing.
If the mortgagor contends that all or a part of that remaining debt has been paid, the burden rests on him to show that such payments have been made. When the *520 defense of payment is made in a proceeding by executory process, it must be asserted either through an injunction proceeding to arrest the seizure and sale or by a suspensive appeal from the order directing the issuance of the writ of seizure and sale. LSA-C.C.P. Article 2642. Since no injunction proceeding was filed prior to the seizure and sale in the instant suit, and since no appeal was taken for the order directing the seizure and sale, it must be presumed that Herron waived or abandoned the defense of payment.
We are aware of the comments contained in Note 16, under Form 341, Vol. 10 of the Louisiana Code of Civil Procedure, and of those contained in the addendum to that footnote in the 1970 pocket part to that volume. In our opinion, however, the case of Francese v. Stock (La.App. 4 Cir. 1968, Cert. denied 252 La. 955, 215 So.2d 127) cited in the addendum to that footnote, does not support a conclusion that the verification of the petition for executory process is required in all cases.
Our conclusion in the instant suit is that it was not essential to the validity of the suit by executory process for plaintiff to verify the petition or to submit an affidavit showing that Herron failed to pay an installment on the note. We think the seizure and sale of the automobile was valid, even though no evidence was submitted showing a failure to pay an installment on the note, and that Herron's reconventional demand for damages for the alleged wrongful seizure of the car fails to state a cause of action. We find no error in the judgment of the trial court which maintained the exception of no cause of action to Herron's reconventional demand.
In the third party demand filed by Herron against Morock Ford, Inc., Herron alleged facts which, if true, appear to state a cause of action under the Motor Vehicle Sales Finance Act (LSA-R.S. 6:951 et seq.). The act was adequately identified by title in the third party petition, but the citation to the Revised Statutes was incorrect. Because of the incorrect citation of the statute, the trial judge sustained the exception of no cause of action filed by Morock Ford, Inc. The third party defendant, Morock Ford, Inc., has made no appearance on this appeal. We think the trial court erred in sustaining the exception of no cause of action to the third party petition. The judgment appealed from which dismisses that petition must be reversed, therefore, and the third party action must be remanded for further proceedings.
For the reasons herein set out, the judgment read and signed by the trial court on September 22, 1969, sustaining the exception of no cause of action filed to Herron's reconventional demand against Ford Motor Credit Company, is affirmed. The judgment read and signed by the trial court on September 15, 1969, sustaining the exception of no cause of action to Herron's third party suit against Morock Ford, Inc., is reversed, and the case is remanded insofar as that third party demand is concerned for further proceedings. One-half the costs of this appeal are assessed to defendant Herron, and the remaining one-half of such costs are assessed to Morock Ford, Inc.
Affirmed in part, and reversed in part.
TATE, Judge (concurring).
The majority's entire rationale is dictum under the circumstances of this case. The executory proceedings to enforce the note were not brought until after the final monthly installment was due.[1] The note thus shows on its face that it was past due *521 and payable at the time executory process was filed.
The proof submitted by authentic act was therefore sufficient to justify use of executory procedure. For, of course, executory proceedings effect the seizure and sale of property without previous citation and judgment, but they can be availed of only where there is a confession of judgment and every muniment of title and every link of evidence is in authentic form or its statutory equivalent. LSA-C.C.P. Art. 2631 et seq.; Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884); Allied Finance Company v. Robertson, La.App. 3rd Cir., 131 So.2d 122 (1961); McMahon, The Historical Development of Executory Procedure, 32 Tulane Law Review 555 (1958); Note, 22 Louisiana Law Review 671 (1962).
The writer respectfully suggests that, however helpful it may be to lending institutions for the majority to render its advisory opinion, the majority's holding may be misleading to those who rely upon it; for the question decided is not actually at issue. The majority's holding is unreviewable by the Supreme Court, since under the facts the result is correct because the note sued upon was due and payable on its face at the time executory proceedings were instituted. See Footnote 1 above.
Were the issue actually before us, I suggest that the majority's facile answer is open to serious doubt. If eventually adopted as correct, it seems to me that the articulation of its rationale must give more consideration to these serious objections.
The issue posed by the dictum in the majority's opinion is this: When executory process is sought to enforce an installment note before the entire balance is due, can the note holder's simple allegation of an unpaid installment (unproved by affidavit or verified petition or authentic evidence) be permitted to support a seizure and sale sought on the basis of an accelerated maturity of the entire balance?
The majority apparently suggests, without citation of authority, that there is a presumption that no payments have been made on an installment indebtedness other than those judicially confessed.
I am at a loss to know how or why this presumption arises. Since when is it presumed that a debtor does not meet his obligations when due? Since when is it presumed that the allegations of a petition are true, without proof of same?
The majority does not so articulate its rationale, but perhaps it is vaguely relying upon the rule of pleading that payment ("extinguishment of the obligation in any manner") is an affirmative defense which must be pleaded by the party relying upon it. LSA-C.C.P. Art. 1005; Official Revision Comment (b). Of course, this refers to "payment" when it extinguishes an obligation, Civil Code Art. 2130.
Here, however, the "payment" relied upon is one which matures or accelerates an obligation otherwise not enforceable at the time of suit. The burden of proving this nonpayment is of course upon the plaintiff, as of every other element of a plaintiff's claim of a present obligation. This is especially so, when in executory proceedings the defendant debtor has no day in court to undo the seizure except either by suspensive appeal or by injunction, LSA-C.C.P. Art. 2642, neither always a practical remedy for an impoverished debtor.
It seems to me that the 1960 Code of Civil Procedure specifically provides that "The breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation" must be proved by a verified petition or by affidavit, if not proved in authentic form. LSA-C.C.P. Art. 2637. To the extent that the unarticulated decision in Advance Rumley Thresher Co. v. Shove, 7 La.App. 472 (1928)[2] is in conflict *522 with this provision, it is of course overruled by the later legislative enactment, as the majority apparently recognizes in not citing this obsolete opinion.
The writer's position may seem technical indeed. But executory proceedings, justifying an ex parte seizure and sale of a debtor's property, have always been required to hew to the comma and semicolon of the law.
This was recognized by the recent decision in League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762, Noted, 29 La.L.Rev. 405 (1969). There, the Supreme Court held that a debtor could defend against a deficiency judgment by raising procedural defenses which, if timely raised in the previous executory proceedings, would have prevented the sale under executory process. The court overruled prior expressions under which the debtor was estopped from later raising procedural irregularities, if he did not enjoin or suspend the sale.
The court's rationale was in part based upon the exceptional character of the remedy afforded the creditor by executory process, by which he can seize and sell property without previous citation and judgment, LSA-C.C.P. Art. 2631. It is also based upon the strong legislative public policy against deficiency judgments, unless procedural formalities are complied with, LSA-R.S. 13:4106-07.
If the issue were actually before us, then, I suggest that the present debtor might indeed have a valid defense to the present suit for a deficiency judgment; or at least one that should not be blithely waved aside.
However, because as I view it the question is not before us, I concur in the result, for the reasons earlier noted.
NOTES
[1] The promissory note on which these proceedings are based was executed on October 23, 1965, and it provided that it was to be paid in 36 monthly installments, beginning December 8, 1965. The last installment thus became due and payable on November 8, 1968. The suit by executory process was not filed until March 14, 1969, more than four months after the last installment became due on the note.
[2] This decision was rendered at a time when the details of proof justifying an executory proceeding were a matter of judicial rather than legislative regulation.