480 So.2d 906 (1985)
GIBSLAND BANK & TRUST CO., Appellee,
v.
Allen A. BODDIE, et al. (LaSalle State Bank, Intervenor), Intervenor-Appellant.
No. 17396-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
*907 Stewart & Stewart by Jonathan M. Stewart, Arcadia, for appellee.
Gaharan & Wilson by Donald R. Wilson, Jena, for intervenor-appellant.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
This is a devolutive appeal from a judgment dismissing an intervention. The appellant is the intervenor, LaSalle State Bank, and the appellee is the plaintiff in the main action, Gibsland Bank and Trust Co. The appellant brings two specifications of error, one procedural and one substantive. The appellee contends, among other things, that the appeal is moot. We find the judgment below correct and we affirm.
Gibsland held first mortgages totalling $175,000 on certain real estate, tractors and trailers belonging to the Boddies. When the Boddies defaulted on the first mortgages, Gibsland filed suit for executory process on December 6, 1984. The writ of seizure and sale was issued on December 11, setting the sale date for February 20, 1985. LaSalle filed its intervention on January 11, before the sheriff sale had been conducted or the proceeds distributed.[1] The intervenor asserted a secured creditor status only as to the movables. The petition for intervention does not contain any proof of the chattel mortgages allegedly filed with the Bienville Parish clerk of court; there are no certified copies attached, and the petition is not verified. LaSalle did not attempt to enjoin the sale *908 while proving its right to intervene, nor did it a set a hearing until after the sale. It allowed the sale and distribution of proceeds to occur without objection. On March 25, when the question was submitted to the trial court for decision, LaSalle did not appear to argue its position; Gibsland's attorney stated that by agreement the matter was to be "without any form of evidence or argument." On the basis of these facts, the trial court dismissed LaSalle's intervention and concluded it had no right to contest the amount of attorney fees stipulated in Gibsland's note.
On appeal LaSalle claims the trial court erred in denying the intervention. LaSalle argues its right to intervene is firmly established under LSA-C.C.P. art. 2643, which provides:
Art. 2643. Third person claiming mortgage or privilege on property seized
A third person claiming a mortgage or privilege on the property seized in an executory proceeding may assert its right to share in the distribution of the proceeds of the sale of the property by intervention, as provided in Article 1092. The intervention shall be served as provided in Article 1093, and shall be tried summarily.
Based on the record before us, we agree that the trial court was correct in dismissing the intervention. We have closely examined the pleadings and various attachments available to the trial court and we do not find that LaSalle has proved a mortgage or privilege on the movable property. Several considerations lead us to this conclusion. First is the absence of any evidence in the record to substantiate the secured status. The only thing the intervention petition says is that certified copies of chattel mortgage instruments recorded with the Bienville Parish clerk of court are attached to a petition in another suit. This allegation, however, is not verified. Furthermore, the property in question is trucks and trailers. These items are governed by the Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq. This law provides the "sole and exclusive method of executing and recording chattel mortgages" on motor vehicles. LSA-R.S. 32:710; Kaplan v. Associates Discount, 253 La. 137, 217 So.2d 177 (1968). Attached to the plaintiff's petition are mortgage certificates from the Office of Motor Vehicles. These documents show only the plaintiff's (Gibsland's) first mortgage and thus prove that there are no mortgages outstanding against the vehicles except those listed on the certificate. Likewise, the certificates of title, also attached to plaintiff's petition, bear no mention of the alleged second mortgage. This absence of official documentation suggests that the special statutes have not been complied with. In the context of these statutes' exclusive nature, and in the absence of any contrary evidence, the trial court was justified in concluding that LaSalle had not properly perfected any security interest and therefore lacked standing to intervene under article 2643. Tallulah Fin. Co. v. Matthews, 116 So.2d 121 (La.App.2d Cir.1959).
We particularly note the manner in which this matter was submitted for decision. LaSalle made no effort to introduce additional evidence that might have supported its claim. Rather, it permitted the trial court to resolve the case on the basis of an unverified petition without authentic evidence, and contrary evidence that effectively destroyed the intervenor's standing. Under these circumstances, the trial court was not in error to dismiss the intervention.
In brief, Gibsland contends that LaSalle's appeal should be dismissed for mootness. Although we find the judgment below to be correct, we agree that LaSalle's other acts of omission in this case would place the matter beyond relief. LSA-C.C.P. art. 2642 provides:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing *909 the issuance of the writ of seizure and sale, or both.
A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney's fee, but exclusive of court costs.
The plain language of this article makes it clear that unless an injunction or suspensive appeal is taken, the opponent to executory process waives all defenses or objections. In Choate v. Cofield, 164 So.2d 601 (La.App. 3d Cir.1964), the defendant took a devolutive appeal from the denial of a preliminary injunction to arrest the sale in an executory proceeding. The sheriff then seized and sold the property. The sale was completed during the pendency of the appeal and was in all respects proper. The court dismissed the appeal as moot, and this is precisely the case here. See also Plumbing Supply House Inc. v. Century Nat'l Bank, 440 So.2d 173 (La.App. 4th Cir.1983), writ denied 444 So.2d 1226 (La.1984); Ford Motor Credit Co. v. Herron, 234 So.2d 517 (La.App. 3d Cir.1970). Even though LaSalle missed the time limit for bringing a suspensive appeal, it could have moved for an injunction and thus prevented the matter from progressing beyond the point of distribution. We also note that LaSalle omitted several other precautions it could have taken, such as setting the hearing on the intervention before the sale, instead of waiting over a month after the sale or bidding for the property at the sheriff sale.
We are sensitive to the permissive "may" used in this article. LSA-C.C.P. art. 5053. The word implies that other modes that other modes may be available to assert objections. In Hibernia Homestead & Sav. Assn'n v. Fletcher, 181 So.2d 815 (La.App. 4th Cir.1966), the court permitted a second mortgagee to assert its rights through a summary proceeding, a rule to show cause. LSA-C.C.P. arts. 2592, 2593. However, the second mortgagee in Fletcher filed his rule before the sheriff had distributed the moneys. We agree that other methods may be possible provided they comport with the spirit of article 2642 and serve to arrest the sale or distribution. Such is not the case here.
Nevertheless, the judgment appealed from is correct and we affirm it at appellant's costs. We pretermit any discussion of the attorney fee issue under Leenerts Farms, supra, and LSA-C.C. art. 2000.
AFFIRMED.
NOTES
[1] The substance of this claim was to have intervenor's alleged chattel mortgage recognized as to the tractors and trailers only, and then to challenge the stipulated 25% attorney fee as excessive and prejudicial to its right to the proceeds. LaSalle argues that if the attorney fees were not so high, there would be some money left over for inferior mortgages. We have not yet squarely addressed the issue of excessive attorney fees under Leenerts Farms Inc. v. Rogers, 421 So.2d 216 (La.1982) and the amendments to LSA-C.C. art. 2000. But cf. Judge Hall's concurrence in Brass v. Minnieweather, 468 So.2d 611 (La.App. 2d Cir.1985).