LINDSAY, Judge.
In this suit for deficiency judgment, the defendants, Clayton DeWayne Robertson and Dee Ann Robertson, appeal a trial court judgment granting a motion for summary judgment in favor of the plaintiff, Louisiana Association for the Blind, Inc. We reverse and remand for further proceedings.
FACTS
On October 22, 1987, plaintiff filed suit for executory process, alleging that it was the holder and owner of a promissory note executed by the defendants on January 1, 1983 in the amount of $17,300. Plaintiff alleged that the the parties also executed a collateral pledge agreement in which a $25,000 collateral mortgage note and collateral mortgage on the defendant’s home had been pledged to secure the payment of the promissory note. The plaintiff asserted that the defendant ceased making payments on the primary obligation on September 16, 1985 and that a balance of $14,-110.19 was due and owing.
Upon filing the suit for executory process, an attorney-at-law was appointed to represent the defendants, who were then absentees from the state of Louisiana. At the same time, a writ of seizure and sale was issued, directing that the mortgaged property be seized and sold, with benefit of appraisal. Pursuant to the writ, the property was seized and advertised for sale. The sheriff’s sale was scheduled for January 13, 1988. The plaintiff and the defendants were duly notified to appoint appraisers, who were to submit appraisals by December 11, 1987. Neither the plaintiff nor the defendants appointed appraisers. Accordingly, the sheriff appointed two appraisers to assess the value of the property. The property was appraised on January 12,1988 for $65,000. The property was sold to the plaintiff on January 13, 1988, for $50,500. The proces verbal of the sheriff’s sale shows that the sale was made subject to two prior recorded mortgages, the balance of both totaling $48,140.52. The plaintiff alleges that the balance due on the first mortgage was $36,811.09 and the balance due on the second mortgage was $11,329.43. Costs totaled $2,119.80.
As a result of the sheriff’s sale, and after deducting the amount allegedly owed on the two prior mortgages, the defendants were only credited with $239.68 on the writ, thereby remaining indebted to the plaintiff in the amount of $13,870.31. Accordingly, on February 23, 1988, the plaintiff filed suit for a deficiency judgment, claiming that the defendants owed a deficiency in the amount of $13,870.51, plus interest, costs and attorney fees.
On March 31, 1988, through retained counsel, the defendants answered the peti *582 tion for deficiency judgment, urging the affirmative defense of setoff. The defendants claimed they are entitled to credit for donations which they made to the plaintiff, which were made to reduce their debt. They also sought credit for amounts which plaintiff allegedly owed as bonuses to the defendant, DeWayne Robertson, a former employee of the plaintiff.
On October 24, 1988, the plaintiff filed a motion for summary judgment. Plaintiff claimed that, because the defendants had failed to raise affirmative defenses during the suit for executory process, those defenses had been waived and could not be raised in defense of the suit for deficiency judgment.
At the hearing on the motion for summary judgment, the trial court ruled that the defendants could not present evidence of setoff, holding that affirmative defenses had been waived by the failure of the defendants to assert those defenses in response to the suit for executory process.
After ruling that the defendants were precluded from offering evidence of affirmative defenses, the plaintiff filed in evidence, by reference, the entire record of the executory process suit, which included the sheriffs sale documents, as well as the original notes, pledge agreement and mortgage. In support of its claim for attorney’s fees, plaintiffs counsel also filed an affidavit showing the time which he spent on the case. No other affidavits, testimony, depositions, stipulations or evidence was adduced. At the conclusion of the hearing, the trial court granted the plaintiffs motion for summary judgment, ordering the defendants to pay $13,870.51 to the plaintiff, plus $2,000 in attorney fees.
The defendants, now proceeding pro se, appeal the trial court judgment.
WAIVER OF AFFIRMATIVE DEFENSES
The defendants argue that even though they failed to personally appear during the executory proceedings and failed to assert the affirmative defense of setoff, they are not now precluded from raising that defense in response to the plaintiffs suit for deficiency judgment.
The plaintiff argues that when the defendants failed to raise the defense of setoff prior to the sale of the property, the defense was waived.
LSA-C.C.P. Art. 2642 provides in pertinent part:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
In Ford Motor Credit Corporation v. Herron, 234 So.2d 517 (La.App. 3rd Cir.1970), it was held that in a suit for deficiency judgment, where the debtor did not appear in the executory process proceedings and assert the defense of payment through injunction or suspensive appeal, it must be presumed that the defendant waived or abandoned the defense of payment.
The plaintiff relies on Ford Motor Credit Corporation v. Herron, supra, in arguing that failure to raise defenses or defects in the executory proceeding bars the defendant from asserting any affirmative defenses in a subsequent suit for deficiency judgment.[1]
Ford Motor Credit v. Herron, supra, and the other cases cited upon by the plain *583 tiff, were all, in one form or another, cases in which a debtor was attacking the technical aspects of the executory proceedings. For example, in Ford Motor Credit, upon which plaintiff relies so heavily, the debtor did not allege that the debt was not owed, but claimed that the seizing creditor did not properly allege in the executory proceedings that the debt was due when the seizure was made. In its decision, the court was focusing on the technical aspects of the executory proceedings, the nature of the pleadings and the supporting documents, rather than considering a true affirmative defense of payment.
While Ford Motor Credit v. Herron, supra, does state that failure to raise a defense of payment in an executory proceeding bars assertion of the defense in a suit for deficiency judgment, the recent Louisiana Supreme Court case of First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987), holds to the contrary and supports the defendants’ argument that, in defense of a suit for deficiency judgment, affirmative defenses may be asserted.
In First Guaranty Bank, the court set forth the requirements for obtaining a deficiency judgment:
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La.C.C. art. 1831, and the grounds of non-performance entitling him to maintain his judicial action. La.C.C. art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; Gordon Finance Co. v. Chambliss, 236 So.2d 533 (La.App. 2d Cir.1970), writ denied, 256 La. 869, 239 So.2d 364 (1970); Pickering v. Kinney, 205 So.2d 199 (La.App. 2d Cir.1968); and that the proceeds received were insufficient to satisfy the balance of the performance then due. La.C.Civ.P. art. 2771; La.R.S. 13:4106; 4107. The appraisal procedures of article 2723 require that prior to the sale, the property seized must be appraised in accordance with law, and the order directing the issuance of the writ of seizure and sale must have directed that the property be sold as prayed for. Other statutory law sets forth the procedures for written notices to the debtor and seizing creditor, the appointment of appraisers, the sheriffs appointment of an appraiser if a party neglects to do so, delivery of appraisals, oaths of appraisers, and the form of the appraisals. La.R.S. 13:4363-4365. [Footnotes omitted.]
As to the available defenses, the court stated:
The debtor, on the other hand, may assert both negative and affirmative defenses against the deficiency judgment action. He may defend by demonstrating the creditor’s failure to prove one of the aforementioned elements of his case or by rebutting the existence of such an element. Additionally, the debtor may assert that an obligation is null, or that it has been modified or extinguished, but in such a case the debtor must prove the facts or acts giving rise to the nullity, modification, or extinction. La.C.C. art. 1831; La.C.Civ.P. art. 1005. [Emphasis supplied.]
The court also overruled League Central Credit Union v. Montgomery, 207 So.2d 762 (La.1968) which had held that a debtor could defend an action for deficiency judgment by asserting the alleged illegality of the executory proceeding caused by a lack of authentic evidence. The court held that League Central was incorrect in transforming an authentic evidence objection into a defense on the merits to a deficiency judgment action. However, First Guaranty, as quoted above, goes on to clearly hold that affirmative defenses, such as setoff, may be asserted in response to a suit for deficiency judgment. See also Bank of Coushatta v. King, 540 So.2d 1020, 1022 (La.App. 2d, 1989) in which this court, in response to the Louisiana Supreme Court’s decision in First Guaranty, supra, remanded “for a trial on the merits on the action [for deficiency judgment], in which evidence may be introduced to prove the *584 existence and extent of the defendant’s obligation.”
Therefore, we conclude that the trial court erred in ruling that the defendants waived the defense of setoff by failing to raise it in the executory proceeding. Accordingly, the summary judgment must be reversed and set aside and the case remanded for further proceedings. Upon remand, the defendants shall be entitled to present evidence in support of their defense.
OTHER PROCEDURAL DEFECTS
In briefs to this court, the defendants have raised several other assignments of error which arguably deal with procedural defects in the executory proceedings. These objections were not urged in the trial court. Under LSA-C.C.P. Art. 1635, in the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. Calderon v. Johnson, 453 So.2d 615 (La.App. 1st Cir.1984). Therefore, these objections may not be properly asserted on appeal. Nonetheless, these assignments of error are meritless.
The defendants first claim that the executory proceedings were defective because an attorney was appointed to represent them and service of process was effected upon the attorney. LSA-C.C.P. Art. 5091 provides that the court shall appoint an attorney at law to represent the defendant on the petition or ex parte motion of the plaintiff when the court has jurisdiction over the person or property of the defendant, or the status involved, and the defendant is a non-resident or absentee who has not been served with process, either personally or through an agent for service of process, and who has made no general appearance.
Under the facts of this case, when the plaintiff filed its in rem action against the defendants to foreclose on the property in Louisiana, the defendants were no longer residents of this state, but were residing in Texas. The appointment of an attorney under LSA-C.C.P. Art. 5091 under these circumstances was wholly proper.
The defendants also claim the sale of their property was invalid because less than two days elapsed between the time the property was appraised and the date of the sheriffs sale. This argument has no merit.
LSA-R.S. 13:4363 provides that no less than seven days before the sale of the seized property, the sheriff shall notify the debtor and the creditor and direct each to appoint an appraiser. The appraisals are to be made and delivered at least two days, exclusive of holidays, prior to the time of the sale. However, LSA-R.S. 13:4364 provides that if a party neglects to appoint an appraiser, the sheriff shall appoint one for him. This statute further provides that the appraisal made by the appraisers appointed by the sheriff “shall be made and delivered to the sheriff at a time prior to the sale.”
The record in this case shows that neither the plaintiff nor the defendants appointed an appraiser under LSA-R.S. 13:4363. The sheriff appointed separate appraisers for the plaintiff and the defendants pursuant to LSA-R.S. 13:4364. Therefore, the requirement of LSA-R.S. 13:4363, that the appraisals be submitted at least two days before the sale, was not applicable.
Because we reverse the trial court judgment on other grounds, we are not required to rule upon other possible deficiencies in the proceedings. However, we note that there is a serious question as to whether the plaintiff fully proved the amount owed by the defendants when it moved for summary judgment. In order to obtain a deficiency judgment, full proof of its demands is required of a creditor. First Guaranty Bank v. Baton Rouge Petroleum, supra.
CONCLUSION
For the reasons set forth above, we reverse and set aside the trial court judgment and we remand the case to the trial court for further proceedings, in accordance with the law. Costs in this court are assessed to *585 the appellee. Assessment of costs in the trial court shall await final judgment.
REVERSED AND REMANDED.

. The plaintiff cites several other cases in support of his argument that the defendants waived the defense of setoff by failing to assert their claim during the executory proceedings. However, with the exception of Ford Motor Credit Corporation v. Herron, supra, the cases relied upon by the plaintiff do not deal with suits for deficiency judgment and are not applicable to the present case. Alison Mortgage Investment Trust v. Commercial Leasing and Financing Company, Inc., supra, dealt with a suit to annul a sheriffs sale based upon procedural defects in the executory proceedings. First Guaranty Bank v. Wells, supra, held that defendants could not raise defects in a previous and separate exec-utory proceeding as a defense to another suit on a separate and distinct promissory note. Gibsland Bank and Trust Company v. Boddie, 480 So.2d 906 (La.App. 2d Cir.1985), dealt with a devolutive appeal from a denial of an injunction to arrest a seizure and sale of property.