FORET, Judge.
This is an appeal from a trial court judgment holding that Mr. and Mrs. Joseph Rhodes, plaintiffs and appellants herein, have no right of action to recover surplus proceeds from the sale of mortgaged immovable property. The mortgaged property at issue was sold in an executory proceeding brought by Gulfco Finance Company of Lake Charles, defendant and appellee herein, against the Rhodes, as the sole defendants and debtors.
We find that the trial court erred in finding that the Rhodes have no right of action against Gulfco for surplus monies from the sale of the mortgaged property and thus, we reverse and remand.
FACTS
Gulfco filed a petition for executory process against Mr. and Mrs. Joseph Rhodes, alleging that they were “justly and truly indebted unto your petitioner, jointly, severally, individually, and in solido, in the true and legal sum of $10,180.48.” The basis of the executory proceeding was a promissory note and mortgage dated April 17, 1980, payable to Gulfco, wherein Mr. and Mrs. Joseph Rhodes were the mortgagors and debtors. The mortgaged property, consisting of two tracts, was appraised at a total value of $30,000. The mortgaged property was sold at sheriffs sale for an amount in excess of the amount prayed for in the executory proceeding. The Calca-sieu Parish Sheriff paid all funds derived from the sale to Gulfco, and requests from Mr. and Mrs. Rhodes to Gulfco for the recovery of the excess proceeds have been futile.
During trial on the merits, the evidence revealed that Mr. and Mrs. Rhodes had deeded the property to their son prior to the foreclosure suit. Consequently, the trial court held that Mr. and Mrs. Rhodes possessed no right of action for the recovery of the excess proceeds of the sheriff’s sale insofar as they did not possess any interest in the mortgaged property prior to the foreclosure suit.
DISCUSSION
La.C.C.P. art. 2373, prior to its amendment in 1989, stated, regarding the distribution of the proceeds of a sheriff’s sale, as follows:
“After deducting the costs, the sheriff shall first pay the amount due the seizing creditor, then the inferior mortgages, liens, and privileges on the property sold, *1080 and shall pay to the debtor whatever surplus may remain.”
(Emphasis added.)
Pursuant to this statutory proceeding, it is clear that the “debtor” is entitled to any excess proceeds from a sale. Therefore, the issue before this Court is whether or not Mr. and Mrs. Joseph Rhodes were debtors of Gulfco at the time of the sale.
First, we note that the above allegation by Gulfco in the petition for executory process amounts to a judicial admission that the Rhodes are debtors of Gulfco.
Second, the relevant mortgage between Gulfco and Mr. and Mrs. Rhodes contains the following provision:
“.... No sale of the premises hereby mortgaged and no forebearance on the part of the Mortgagee or its assigns and no extension of the time for the payment of the debt hereby secured given by the Mortgagee or its assigns shall operate to release, discharge, modify, change or affect the original liability of the Mortgagor herein either in whole or in part.”
We note that, by this provision, any transfer of the Rhodes’ interest in the property to their son did not act as a release or discharge of their original liability on the mortgage at issue.
Finally, we note that the Assumption Deed, wherein the appellants’ son, Albert Lee Fruge, Jr.,[1] assumed liability on the note executed by the Rhodes in favor of Gulfco, consists of an agreement between the Rhodes and Fruge, and Gulfco is not a party to this agreement. Therefore, there is nothing in the record to show that Fruge holds the status of a debtor vis-a-vis Gulf-co.
Essentially, there has been no showing by Gulfco that the Rhodes’ sale of the property to their son, Fruge, released the Rhodes from their mortgage in favor of Gulfco. Conversely, the fact that the Rhodes were the only named defendants in the executory proceeding against the property makes it clear that Gulfco consistently considered them debtors. We additionally note that the property was appraised by Gulfco, which, in the event that the property would have been sold for less than the amount of the debt, would have given Gulf-co the right to proceed against the Rhodes for a deficiency judgment.
Based upon the foregoing, we find that, under La.C.C.P. art. 2373, the Rhodes were debtors of Gulfco and have a right of action against Gulfco for surplus proceeds from the sheriff’s sale.
CONCLUSION
Based upon the foregoing, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
Costs of this appeal are to be assessed against Gulfco Finance Company of Lake Charles. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.

. Albert Lee Fruge, Jr. is not a party to either this action or the executory proceeding.